# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN MICHAEL WOODRUFF, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-00033-MHH-NAD |
| | ) |
| JOSEPH HEADLEY, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

On June 3, 2024, the magistrate judge filed a report in which he recommended that the Court dismiss John Michael Woodruff's § 2254 habeas petition because Mr. Woodruff has not fully exhausted his constitutional challenges to his state court criminal conviction. (Doc. 37). Mr. Woodruff has filed objections to the report and recommendation. (Doc. 40).[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

---

[1] The magistrate judge gave Mr. Woodruff an extension until June 26, 2024 to file objections. (Doc. 39). Mr. Woodruff appears to have signed his objections on June 26, 2024. (Doc. 40, p. 11). The Court received Mr. Woodruff's objections on June 27, 2024. (Doc. 40, p. 1). Mr. Woodruff is not in custody, so the prison mailbox rule does not apply to his objections. The Court will consider the merits of Mr. Woodruff's objections even though the Court received them one day late.

which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (italics in *Raddatz*).

Mr. Woodruff objects to the magistrate judge's summary of the state criminal charges and proceedings. (Doc. 40, pp. 2-7). The Court has reviewed the documents from Mr. Woodruff's state court proceedings and finds no error in the facts in the magistrate judge's summary.

Mr. Woodruff objects to the magistrate judge's finding that he (Mr. Woodruff) has not fully exhausted his first ground for federal habeas relief in state court. (Doc. 40, p. 7). As the magistrate judge discussed in his report, for his first ground for federal habeas relief, Mr. Woodruff asserts that his "constitutionally-defective" municipal court conviction for indecent exposure could not serve as a "valid factual predicate" for his subsequent ASORCNA charge and conviction because the underlying indecent exposure judgment is void. Mr. Woodruff reasons that the

2

indecent exposure conviction is void because the municipal court that entered that judgment lacked jurisdiction to impose judgment for a Class A misdemeanor. A Class A misdemeanor is punishable by up to 12 months of imprisonment, an offense punishable by a sentence of more than six months must be accompanied by the right to a jury trial, and jury trials are not available in state municipal courts, hence Mr. Woodruff's jurisdictional challenge. (Doc. 1, p. 5; Doc. 2, pp. 6-14).[2]

Mr. Woodruff acknowledges that he must exhaust in state court his federal constitutional challenges to his state court conviction before he may present those challenges in a federal habeas petition. *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). Mr. Woodruff argues that his jurisdictional argument is exhausted as a practical matter and that the State is procedurally barred from arguing that he did not exhaust this

---

[2] *Duncan v. Louisiana*, 391 U.S. 145, 149, 159 (1968) ("[T]he Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee," but "petty offenses" may be tried without a jury); *Baldwin v. New York*, 399 U.S. 66, 69 (1970) ("[N]o offense can be deemed a 'petty offense' for purposes of the right to trial by jury where imprisonment for more than six months is authorized.").

On April 4, 2018, Mr. Woodruff was convicted in Alabaster Municipal Court on a misdemeanor charge of indecent exposure. (Doc. 17-1, pp. 26, 28). He appealed that conviction to the Circuit Court of Shelby County for a trial de novo. (Doc. 17-1, pp. 24-25). Under Alabama law, Mr. Woodruff had to register as a convicted sex offender while awaiting his trial de novo. Alabama Sex Offender Registration and Community Notification Act (ASORCNA), § 15-20A-10(a), *Code of Alabama 1975*, as amended. On April 20, 2018, while his appeal was pending, Mr. Woodruff was arrested for failing to register under ASORCNA. (Doc. 17-1, pp. 11, 22).

claim. He also argues that the State has refused to allow him to exhaust his constitutional argument for relief from his ASORCNA conviction. (Doc. 40, pp. 7-9).

With respect to practical exhaustion, Mr. Woodruff argues that his jurisdictional argument in his pre-ASORCNA-conviction mandamus petition, which he filed after the Shelby County trial court denied his motion to dismiss the ASORCNA indictment, sufficed for habeas exhaustion because the trial judge indicated that he had read Mr. Woodruff's mandamus petition and would have vacated his rulings if he had found Mr. Woodruff's mandamus arguments persuasive. (Doc. 40, pp. 8-9). The Court understands Mr. Woodruff's thought that, as a practical matter, the remark from the state trial judge indicates that he considered Mr. Woodruff's constitutional argument and rejected it, but the exhaustion requirement demands more. Mr. Woodruff must present his constitutional challenge to the ASORCNA charge and conviction clearly and directly to the trial judge. *See e.g., Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (requiring that a petitioner "fairly present his constitutional claim in each appropriate state court ... for the claim to be exhausted."). "It is not sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was

4

made." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343–44 (11th Cir. 2004) (citations omitted).

In any event, "to properly exhaust a claim, the petitioner must 'fairly present' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) (alterations omitted); *see also Boerckel*, 526 U.S. at 845 (requiring "one complete round of the state's appellate review process."); *Johnson v. Florida*, 32 F.4th 1092, 1096 (11th Cir. 2022) ("[A] prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review.") (internal quotations and citation omitted).

The Court has not found authority that indicates that a request for interlocutory appellate review of an order denying a motion to dismiss a criminal charge is an adequate substitute for post-conviction exhaustion. Therefore, Mr. Woodruff's pre-conviction mandamus petition does not suffice to satisfy the exhaustion requirement.

Mr. Woodruff contends that the State's failure to rebut his practical exhaustion argument serves as an admission that he has adequately exhausted his first ground for habeas relief, (Doc. 40, pp. 9-10). General rules regarding waiver and admissions do not operate when a federal statute states that a defendant must exhaust his constitutional challenges in state court before pursuing those challenges in federal court. (Doc. 37, pp. 8-11) (discussing statutory exhaustion requirement).

In other words, the State cannot waive the exhaustion requirement. *See e.g., Brown v. Warden of Minn. Corr. Facility - Faribault*, No. 22-cv-01122(ECT/BRT), 2022 WL 2974117, at *2 (D. Minn. July 27, 2022) ("Pleading practice in habeas proceedings is ... specified in federal statutes and the Habeas Rules, making Federal Rule of Civil Procedure 8 inapplicable .... Unlike Rule 8(b)(6) of the civil rules, neither Rule 5 of the Habeas Rules nor any federal statute provides that an allegation in a § 2254 petition is deemed admitted if not specifically denied.") (citations omitted); *Dellinger v. Mays*, No. 3:09-CV-104-TAV-DCP, 2018 WL 4102241, at *6 (E.D. Tenn. Aug. 28, 2018) (holding that unlike Fed. R. Civ. P. 8(b)(6), habeas rule 5(b) requires that an "answer must address the allegations in the petition" and "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations").[3]

Mr. Woodruff's alternative assertion that the State refuses to allow him to exhaust his constitutional challenge to the ASORCNA conviction in a Rule 32 petition, (Doc. 40, pp. 7-8), fairs no better under Eleventh Circuit precedent. Mr. Woodruff has not demonstrated "an absence of available State corrective process[ ]

---

[3] In its initial answer in this matter, the State asserted that Mr. Woodruff had raised his first ground for habeas relief in his pending Rule 32 petition, but the ground was not exhausted because the Rule 32 petition still was pending. (Doc. 17, p. 4; Doc. 27, p. 3). After the magistrate judge sought clarification regarding Mr. Woodruff's exhaustion of ground one, in its supplemental answer, the State argued that "[Mr.] Woodruff did not raise his first ground for relief in his currently pending Rule 32 petition." (Doc. 28, p. 5). Therefore, the State argued, the first ground is untimely and has not been properly exhausted. (Doc. 28, pp. 5, 7-8).

or ... circumstances [] that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Mr. Woodruff has not explained why he cannot now raise his first ground for habeas relief in his pending Rule 32 petition.[4]

For these reasons, the Court overrules Mr. Woodruff's objections, adopts the magistrate judge's report, and accepts the magistrate judge's recommendation. Consistent with the recommendation, by separate order the court will dismiss Mr. Woodruff's petition for writ of habeas corpus without prejudice to allow him to completely exhaust in state court his constitutional challenges to his state conviction. Because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.

The Clerk of Court shall please term Doc. 37.

---

[4] Mr. Woodruff filed a declaratory judgment action in the Montgomery County Circuit Court in which he asserted that the municipal court indecent exposure conviction was unconstitutional. That state circuit court converted the action to a Rule 32 petition and transferred the matter to the Circuit Court of Shelby County. (Doc. 33-1). In earlier filings, Mr. Woodruff has asserted that the transferred declaratory judgment action, though "wrongly converted and transferred," should be "viewed as a consensual relating-back amendment of the pre-existing Rule 32 petition." (Doc. 33, pp. 8-9 & n.5). Mr. Woodruff stated that because of the merger of his civil complaint with his Rule 32 proceeding, "Ground One was indeed raised in a state Rule-32 proceeding . . . ." (Doc. 33, pp. 8-9).

**DONE** and **ORDERED** this July 16, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE